**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DEBRA D. HUBBARD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DITECH FINANCIAL, LLC F/K/A** | § | **CIVIL ACTION NO. 4:17-CV-17** |
| **GREEN TREE SERVICING, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, Defendant Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech" or "Defendant") removes this action from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, as follows:

## I.     STATE COURT ACTION

1.      On December 29, 2016, Plaintiff Debra D. Hubbard ("Plaintiff") filed her *Original Petition and Application for Injunctive Relief* ("Petition") in the 55th Judicial District Court in Harris County, Texas, styled: *Debra D. Hubbard vs. Ditech Financial, LLC f/k/a Green Tree Servicing, LLC*, Cause No. 2016-88592 (the "State Court Action").

2.      In the State Court Action, Plaintiff alleges that prior to moving forward with foreclosure, Defendant failed to advise her of a specific reason for its loss mitigation decision and failed to provide accurate information regarding loss mitigation and foreclosure. Pet. ¶ 6.8. Plaintiff asserts a cause of action for negligence, and violations of RESPA and the Texas

Property Code, and seeks injunctive relief, in addition to actual damages, statutory damages, treble damages, exemplary damages, and attorney fees. *Id.* ¶¶ 6.1-6.13.

3.      Defendant has not been served, and as such, this removal is timely under 28 U.S.C. § 1446(b).

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

5.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**           Index of Matters Being Filed

**Exhibit B**           Civil Cover Sheet

**Exhibit C**           List of all Counsel of Record

**Exhibit D**           State Court Docket Sheet

          **D-1:**  Plaintiff's Original Petition and Civil Case Information Sheet

          **D-2:**  Temporary Restraining Order

          **D-3:**  Civil Process Request

          **D-4:**  Defendants' Original Answer and Affirmative Defenses

          **D-5:**  Plaintiff's Motion to Extend Temporary Restraining Order

          **D-6:**  Notice of Hearing

**Exhibit E**           Harris County Appraisal District Property information

6.      In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 55th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    FEDERAL QUESTION JURISDICTION

7.    The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).  A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

8.    Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States.  Specifically, Plaintiff alleges violations of RESPA, 12 U.S.C. § 2601.  *See* Pet. ¶¶ 6.8-6.9.  Section 2614 of RESPA provides this Court with original jurisdiction over RESPA claims.  *See* 12 U.S.C. § 2614.  As such, Plaintiff's putative claims under 12 U.S.C. § 2601 alone give rise to federal question jurisdiction.  *See Juarez v. BAC Home Loans Servicing, L.P.*, Civil Action No. 3:12–CV–2480–B, 2012 WL 5364692 (N.D. Tex. Oct. 31, 2012, at *2 ("Because Juarez initially brought claims based on a federal question under 12 U.S.C. § 2605 (RESPA), this Court maintains federal question jurisdiction.").  Thus, Plaintiff alleges violations of federal law, and her right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

## IV.    <u>SUPPLEMENTAL JURISDICTION</u>

9.      This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

10.     It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id*. at 806.

11.     Plaintiff's state law claims asserting negligence and violations of the Texas Property Code  relate to servicing of her loan and Defendant's authority to foreclose.  *See* Pet. ¶¶ 6.1-6.7, 6.10-6.13.  The claims, therefore, share a common nucleus of operative facts with, and form part of the same case or controversy as, Plaintiff's federal claims.  Therefore, removal of the entire State Court Action is appropriate.  *See Jamal*, 97 F. Supp. 2d at 806; *see also Campbell v. Litton Loan Servicing, LP*, No. 4:10-cv-422, 2010 WL 5818647, at *1 (E.D. Tex. Dec. 1, 2010) (finding that since the Court had federal question jurisdiction over the plaintiff's federal claim, it had supplemental jurisdiction over the plaintiff's state law claims).

## V.    BASIS OF REMOVAL – DIVERSITY JURISDICTION

12.    Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A.    THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

13.    Plaintiff is a natural person so her citizenship for diversity purposes is determined by "where [she is] domiciled, that is, where [she has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Ex. D-2 ¶ 3. Thus, Plaintiff is a citizen of Texas.

14.    Ditech is a Delaware limited liability company with its principal office located in Tampa, Florida. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The members of Ditech are Walter Management Holding Company LLC, a Delaware limited liability company with its principal office in Minnesota and Green Tree Servicing Corp., a Delaware corporation with its principal office in Minnesota. The sole member of Walter Management Holding Company LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota. The sole member of Green Tree Credit Solutions LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida. Therefore, Ditech is a citizen of Delaware, Minnesota, Maryland, and Florida for diversity purposes.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15.      Where there is complete diversity among parties, and where the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. § 1332(a).

16.      Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

17.      "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010).  Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."  *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).  Thus, "'[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"  *Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x. 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 Fed. App'x. 340, 342 n.2 (5th Cir.

2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x. 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

18.     Further, the Court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy.  *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to Texas Civil Practice and Remedies Code § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees … such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

19.     Here, the amount in controversy is readily apparent on the face of the Petition. Plaintiff seeks to preclude Defendant from foreclosing on the Property.  *See* Ex. D-2.  As a result, the entire value of the Property is squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue when an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x. at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48.  According to the Harris County Appraisal District, the Property is currently

valued at $555,149.  *See* Ex. E.[1]  The Property value must be included in the amount in controversy.  Thus, it is clear that the amount in controversy greatly exceeds the $75,000 jurisdictional minimum.

20.    Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## VI.    CONCLUSION

WHEREFORE, Defendant removes this action from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.


Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Nicola M. Shiels*
_____
**Johnathan E. Collins**
  State Bar No. 24049522
  jecollin@lockelord.com
**Nicola M. Shiels**
  State Bar No. 24037489
  nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)


**ATTORNEYS FOR DEFENDANT**

---

1 Defendant respectfully request that the Court take judicial notice of the Harris County Appraisal District Property Value, pursuant to Federal Rule of Evidence 201.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following pursuant to the Federal Rules of Civil Procedure on January 5, 2017.

Ray L. Shackelford
1406 Southmore Blvd.
Houston, Texas 77004
(713) 520-8192
*Counsel for Plaintiff*

/s/ *Nicola M. Shiels*
Counsel for Defendant