United States District Court
Southern District of Texas
**ENTERED**
July 03, 2018
David J. Bradley, Clerk

Debra D. Hubbard, §
§
Plaintiff, §
§
versus § Civil Action H-17-17
§
Ditech Financial, LLC, §
§
Defendant. §

## Opinion on Dismissal

1.  *Introduction.*

    A woman borrowed to buy a house. The lender used a loan servicer. The borrower defaulted and filed for bankruptcy. The lender transferred the loan to another servicer. The borrower says that she corresponded with the new servicer and applied for a loan modification. It posted her property for foreclosure. She sued the servicer to prevent the foreclosure and claimed negligent misrepresentation and violations of Real Estate Settlement Procedures Act and the Texas Property Code. The borrower will take nothing.

2.  *Background.*

    Debra D. Hubbard borrowed $510,770.00 from Countrywide Home Loans, Inc., on July 13, 2007. Countrywide used Green Tree Servicing, LLC, to administer the note. In September 2009, she started missing payments. In July 2013, the loan servicer and she agreed on a modification. She missed a payment in December 2013 and filed for Chapter 13 bankruptcy. While she was paying through her bankruptcy plan, the servicing transferred to Ditech Financial, LLC. In July 2016, she voluntarily dismissed her bankruptcy only after the trustee had moved to dismiss it.

    Hubbard corresponded with Ditech because she believed that it did not accurately record her payments. She also applied for a loan modification. Hubbard got a debt validation notice in February 2015, and she says that she

immediately disputed the balance and account history. Ditech corresponded with Hubbard several times between February 2015 and December 7, 2016, about loan modification options. Ditech posted the property for foreclosure. In December of 2016, Hubbard sued Ditech to block the foreclosure scheduled for January 3, 2017.

3. *Negligent Misrepresentation.*

Hubbard did not support her negligent misrepresentation claim. She pleaded legal conclusions without facts.[1]

In Texas, the economic loss rule precludes a negligent misrepresentation claim when the breached duty complained about is the very same duty owed under a contract between the parties.[2] Hubbard says Ditech negligently misrepresented its treatment of her loan modification application by posting the property for foreclosure. Ditech was not obliged to grant Hubbard's request for modification. Duties related to the servicing of Hubbard's loan arose only from promises made in her note. It is called a promissory note for a reason.

Outside of that contract, Ditech owed her no duty at all.[3] Rather, Hubbard, not Ditech, breached the contract by not paying. Hubbard did not change her circumstances in reliance on Ditech. Consequently, she does not have a negligent misrepresentation claim.

4. *RESPA.*

Hubbard did not support her RESPA claim. Hubbard's complaint alleges no specific damages but only declares, quite confidently, that she has indeed suffered actual damages.[4]

Even if Hubbard's claims were not conclusory, many of them are false by her own account. For example, one of her exhibits shows that Ditech supplied

---

[1] *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[2] *See* Sw. Bell Tele. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991).
[3] FDIC v. Coleman, 795 S.W.2d 706, 709 (Tex. 1990).
[4] *See* 12 U.S.C.A. § 2605(f)(1)(A).

a unique mailing address for qualified written requests on June 7, 2016, yet her complaint says it did not. Also, Hubbard sent letters to Ditech by fax rather than to the designated mailing address. As long as a loan servicer designates an address, communications sent to another address fail as qualified written requests even if the loan servicer responds.[5]

Hubbard neither claims nor shows any actual damages because Ditech has not caused her any. Her loss, if any, is self-inflicted.

5. *Texas Property Code.*

Hubbard mistakes the code's requirements. A mortgage servicer must give a defaulting debtor written notice and at least twenty days to cure the default before notice of foreclosure may be given.[6] Hubbard says that she received a debt validation notice in February 2015, that she disputed the balance, and that Ditech posted her property for sale. Nowhere does she allege that Ditech failed to give her twenty days to cure her default. Over the years, Ditech had given Hubbard ample opportunity to cure the default or apply to modify the loan and sent several letters to that effect. Her claim under the code is empty.

6. *Conclusion.*

Hubbard defaulted on her loan years before Ditech sought to sell the house. Ditech supplied her the chance to modify the loan, but she did not accept the opportunity. Her complaint lacks a discernible basis in fact, and its turbid speculation only heightens this impression. Hubbard's own exhibits show her conclusory allegations to be false or at least just that – conclusory. She has not met the burden for a claim at law.

---

[5] Roth v. CitiMortgage Inc., 756 F.3d 178 (2d Cir. 2014).
[6] Tex. Prop. Code Ann. § 51.002 (West 2013).

Debra D. Hubbard will take nothing from Ditech Financial, LLC.

No claim exists that impedes Ditech's right to foreclose in August or any other month.

Signed on July  3 , 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge